SOUTH PORTO RICO SUGAR COMPANY, PLAINTIFF AND APPEL-
LANT, *v.* PASAPERA ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in Injunction
Proceedings.

No. 2741.—Decided July 26, 1923.

MUNICIPAL TAXES — MUNICIPAL ORDINANCE — PROPERTY TAX — SURCHARGE. —An
ordinance imposing an excise tax upon all platform scales used or to be used
within the municipality for weighing sugar cane is a surcharge on the prop-
erty tax which can not exceed the rate fixed in section 49 of the Municipal
Law.

The facts are stated in the opinion.

Messrs. *F. Manuel Toro* and *O. B. Frazer* for the ap-
pellant.

Messrs. *Benet & Souffront* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant, a domestic corporation, the owner of a number
of platform scales within the municipality of San Germán,
used for the purpose of weighing cane, brought suit against
the municipal commissioner of finance and the public service
commissioner of that municipality to restrain them from
taking any steps toward the collection of a tax imposed by
an ordinance, the first three sections of which read as
follows:

"Section 1.—A tax of twenty-five dollars annually is hereby
imposed for each platform scale in operation or to be hereafter es-
tablished within the municipality of San Germán, P. R., for the
purpose of weighing sugar cane.

"Section 2.—The said tax shall be paid into the municipal
treasury during the month of February of each year by the owner
or owners of the said platform scales, or their agents or represent-
atives in this municipality.

"Section 3.—Every person, firm, corporation or committee who
or which in any manner may violate or aid in the violation of this
ordinance shall be arraigned before the peace court and upon con-
viction shall pay a fine not to exceed fifty dollars or be imprisoned
for a maximum term of fifteen days, or both in the discretion of
the court."

At the hearing on a motion to show cause petitioner proved the value of its scales to be from $200 to $500 each. Other facts alleged in the petition were admitted and the district court dismissed the petition and dissolved the preliminary injunction previously issued:

Section 49 of the Municipal Law provides:

"That the municipal revenues shall consist of:

\*        \*        \*        \*        \*        \*        \*

"(c) Any surcharge of the tax on taxable property of the municipality, provided it shall be so decided by two-thirds of the municipal assembly. Said surcharge shall not exceed one (1) per. cent in municipalities of the first and second class, and one half in municipalities of the third class, computing therein any additional tax at present or hereafter authorized:

\*        \*        \*        \*        \*        \*        \*

"(f) Any other impost, excise or tax that may be levied by two-thirds of the members of the municipal assembly, provided the object or matter of taxation is not also the object or matter of any federal or insular tax."

That the weighing machines are taxed by the Insular Government and that the municipal tax, if it be a property tax, is void as a surcharge in excess of the legal rate, is not disputed, but appellee insists that the tax is not a property tax but a license fee or occupation tax.

If this view of the matter were correct then of course the conclusion reached by appellee, to wit, that the ordinance is not void "merely because the property used in the business taxed is subject to the general property tax," would follow.

Nor have we any quarrel with the rule of construction quoted by appellees from 19 R. C. L., page 951, section 232, which says that:

"Where a municipal regulation is adopted which would be lawful if intended .for one purpose and unlawful if for another, the presumption is that the purpose was lawful, unless the contrary clearly appears."

But as to the premises involved in these two propositions, given the facts of the case at bar, we think ''the contrary clearly appears.''

If platform scales may be taxed by municipalities at exorbitant rates when used in the weighing of cane, they may be made equally liable when used in the weighing of coffee, or tobacco, or potatoes, or citrus fruits, or bananas, or any other commodity or object.

Again, as pointed out by appellant, if the ordinance be valid, then a yoke of oxen, or a span of mules, or a steam plow may be taxed at a similar rate when used for tilling the soil, and a like tribute may be laid upon all farm implements when used for agricultural purposes.

In fact, any and all personal property might be readily reached in the same way and the statutory limitation as to surcharges on property already taxed or excises trenching upon a field already covered by the Insular Government would soon become a dead letter.

If there be in this Island any such business as the weighing of cane, and the municipalities desire to impose an occupation tax thereon, the drafting of an ordinance adapted to this end in reasonably clear language is not a difficult matter. But they cannot evade the statutory inhibition against surchages in excess of the specified rate simply by saying that the tax is to be paid when the property in question is used for the purposes for which it was intended or created.

The question of municipal power in the matter of excise taxes was considered and discussed at some length in *Fantauzzi* v. *Municipal Assembly of Arroyo,* 30 P. R. R. 390, and *Successors of José González & Co.* v. *Municipal Assembly of Guayama,* 31 P. R. R. 408. We need not undertake at this time to fix the exact limits of that power in any hypothetical case, nor to draw a definite boundary line between property of the description above indicated

and other articles that may or may not be included here-
after in the list of things such as billiard tables, carriages
and automobiles, generally recognized as subject to a legiti-
mate exercise of such power, even though used only by the
owner thereof for his own pleasure or amusement, and in-
cidentally for the purposes for which they were intended.

In the case at bar the court below ruled adversely to
appellee on the contention that injunction is not the proper
remedy, and the brief for appellant contains some argument
in support of that ruling. Counsel for appellee, in reply,
point out that they are under no obligation to go into that
matter, but insist upon an alleged difference between the
general powers of the federal courts and the statutory au-
thority of our insular tribunals. In this connection we are
referred to the *quaere* in *Central Victoria* v. *Pérez,* 30 P.
R. R. 413, and *Mayagüez Show Company* v. *Municipality of
Mayagüez, id.* 416, and to subdivisions 3 and 6 of section 4
of the law of 1908.

The statute so relied upon provides that "an injunction
cannot be granted   *   *   *   (3) to prevent the execution of
a public statute by officers of the law for the public benefit;
*   *   *   (6) to prevent a legislative act by a municipal
corporation."

Consideration of the first subdivision quoted would in-
volve at the threshold several questions of statutory con-
struction at once obvious and interesting. But we have no
leisure for independent investigation along these lines at
this time. As to the sixth subdivision, we are strongly
inclined to the view that the attempted enforcement of a
void municipal ordinance by the municipal commissioner of
finance and the public service commissioner of a municipality
is not "a legislative act by a municipal corporation."

On the other hand, section 3 of the same law and sub-
division first thereof read as follows:

"An injunction may be granted in the following cases:

"(1) When it appears by the complaint that the plaintiff is entitled to the relief demanded and such relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually."

If the Legislature intended to confer upon the insular courts full authority to issue injunctions in all cases in which such writs would issue out of any court of equity, not later in said act expressly enumerated or excluded, then the sweeping character of the words actually employed, construed in the light of the subdivisions immediately following, is admirably adapted to the voicing of that purpose.

Section 65 of the Municipal Law expressly provides "that on motion of the aggrieved party the courts of justice shall have jurisdiction: * * * (*b*) to stay by injunction the execution of any ordinance, act, resolution or order which infringes rights guaranteed by the constitution or insular laws."

Aside from any constitutional question as to due process of law, the municipal law, which is a constitution for the insular municipalities in its limitation upon the municipal legislative power in matters of taxation, by necessary implication recognizes in the property owner a right to freedom from the burden and the vexation of an illegal tax in excess of the statutory rate or otherwise unauthorized.

In the circumstances and in the absence of any additional light on the subject, we are constrained to hold, tentatively at least, that the enforcement of the illegal ordinance in question would amount to an infringement of a right in petitioner "guaranteed by insular laws."

The judgment appealed from must be reversed and in lieu thereof the decree of this court should be entered pursuant to the prayer of the petition.

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.